UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**3Lions Publishing, Inc.**

**Plaintiff,**

v.

**Marketresearch.com, Inc.,**

**Defendant.**

_____/

Case No.:

8:15 CV 356 T 35 AEP

**JURY DEMANDED**

## ORIGINAL COMPLAINT

Comes now Plaintiff 3Lions Publishing, Inc. ("3Lions") with its Complaint ("Complaint") against Marketresearch.com, Inc., ("MKRI") and states as follows:

### INTRODUCTION

1. This is an action for Copyright Infringement, and Contributory Copyright Infringement under the United States Copyright Act of 1976, 17 U.S.C §§ 101 et seq. (the "Copyright Act") and for Unfair Competition under Florida common law.

### PARTIES, JURISDICTION, AND VENUE

2. Plaintiff 3Lions Publishing, Inc. is a corporation registered in the State of Florida that provides, *inter alia*, information, solutions and guidance to the healthcare industry regarding the implementation of safeguards to comply with the Health Insurance Portability and Accountability Act ("HIPAA"), having its principal place of business located in Pinellas County at 1001 Starkey Rd. #18, Largo, FL 33771.

3. Upon information and belief Defendant MKRI is a Maryland Corporation that



1

describes itself as "the most comprehensive collection of market intelligence products and services on the Web. We offer reports from over 720 top publishers and update our collection daily to provide you with instant online access to the world's most complete and current database of expert insights on global industries, companies, products, and trends," with its principal place of business located in Montgomery County, 11200 Rockville Pike Suite 504, Rockville, MD 20852.

4. Upon information and belief, at all times material hereto, Defendant MKRI operated through the acts of its employees, agents, representatives, servants, partners and the like, acting within their course of employment and scope of duties.

5. This Complaint alleges Copyright Infringement and Contributory Copyright Infringement under the Copyright Act. This Court has subject matter jurisdiction over this federal question claim pursuant to 28 U.S.C. §1338(a) and supplemental jurisdiction of the Unfair Competition claim pursuant 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendant because Defendant's tortious acts of copyright infringement, contributory copyright infringement and unfair competition all occurred either directly or indirectly within this jurisdiction, and elsewhere in the State of Florida as well as throughout the United States, and/or was specifically targeted at this jurisdiction. Defendant knew, or should have known, that its acts of Copyright Infringement, Contributory Copyright Infringement, and Unfair Competition targeted this jurisdiction and/or would have a direct impact on persons or entities located in this jurisdiction where the intellectual property was created, is stored and the subject of the action.

7. Venue is proper in this judicial district pursuant to 28 U.S.C 1391(b) and (c) because Defendant is subject to personal jurisdiction in this judicial district and a substantial part

of the events or omissions giving rise to the claims occurred in this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

8. 3Lions owns a website entitled the HIPAA Survival Guide ("HSG"), located on the Internet at www.hipaasurvivalguide.com (hereinafter referred to as "Website").

9. The Website is an original work which is copyrightable under Title 17 of the United States Code, to wit, the Copyright Act of 1976 as amended.

10. The Website contains "protectable elements" afforded copyright protection, said elements include, but are not limited to, the unique written content, images, graphics, and the unique expressions set forth in the Website.

11. The authors of the Website duly applied to the Library of Congress Copyright Office, and received a Certificate of Registration for the Website, and subsequently transferred all rights in and to the Website to Plaintiff 3Lions. *See* Exhibit A, HSG U.S. Copyright registration, attached hereto and incorporated herein by reference[1].

12. 3Lions is the sole owner of the Website's copyright.

13. Subsequent to the issuance of the Website's copyright certificate, Defendant MKRI infringed upon 3Lions's copyright by adapting 3Lions' Website content ("the Work") and releasing said adaptation ("Infringing Content") on its company website at: www.marketresearch.com/RNCOS-v3175/EMR-Outlook-7777741/ and www.marketresearch.com/RNCOSv3175/Healthcare-Outlook-7560401 ("Products"). *See* Exhibit B, Initial key phrase listing and Defendant's Infringing Content, taken from www.hipaasurvivalguide.com/hitech-act-summary.php ("Page"). The Page wherein the Infringing Content was taken was included in 3Lions' submission to the Copyright Office in its

---

[1] All exhibits are attached hereto and included herein by reference unless otherwise noted.

application for registration. *See* ¶ 11. Upon information and belief, MKRI also contributed to the copyright infringement of its customers because the latter further distributed the Products containing the Work within their respective organizations, and perhaps elsewhere. Persons or entities that MKRI considers its customers is evidenced by a continuous stream of emails offering additional MKRI products, (*See* Exhibit E, Original purchase and continued email offerings)

14. 3Lions became aware of Defendant's use of the Infringing Content on or about August 8, 2014.

15. On or about August 11, 2014 3Lions, via counsel, notified MKRI that MKRI had infringed on its copyright. *See* Exhibit C, first notification of copyright infringement to MKRI.

16. On or about August 11, 2014 3Lions, via counsel, provided MKRI a final notification of copyright infringement. *See* Exhibit D, email correspondence to MKRI of notice of pending litigation. MKRI failed to respond to any of 3Lions' correspondence regarding settlement negotiations and therefore there was no opportunity for the parties to resolve the dispute amicably.

17. 3Lions never entered into any agreement with Defendant that would permit Defendant to adapt or otherwise use the Work; therefore, Defendant possesses no rights whatsoever in the Work, including any of the exclusive rights owned by 3Lions under the Copyright Act.

### Count I – Copyright Infringement
**[Damages for Copyright Infringement 17 U.S.C. § 501(a)]**

18. 3Lions incorporates by reference all the allegations set forth in ¶¶ 1-17 as if fully set forth herein.

19. 3Lions is the rightful owner of all rights related to the Work and, pursuant to 17

U.S.C. § 102(a), owns a copyright in same, for which an application for registration has been made and a certification issued.

20. Defendant, by using 3Lions' Work for its own economic gain without a contractual agreement with 3Lions— unlawfully reproduced the Work, unlawfully distributed the Work, unlawfully displayed the Work, and unlawfully created derivative versions of the Work, in violation of 3Lions' enumerated rights contained in the Copyright Act. *See generally* 17 U.S.C. §§106 and 501.

21. 3Lions did not authorize or consent to Defendant's unlawful use of the Work.

22. Upon information and belief, Defendant's acts of copyright infringement were willful and deliberate, in reckless disregard of 3Lions' copyright, and intended for its own economic gain, without consideration for processes and safeguards that would have protected the rights of copyright holders. *See* 17 U.S.C. § 504(c)(2). 3Lions suffered actual damages as a result of Defendant's infringement.

### Count II – Contributory Copyright Infringement
**[Damages for Contributory Copyright Infringement 17 U.S.C. § 501(a)]**

23. 3Lions incorporates by reference all the allegations set forth in ¶¶ 1-17 as if fully set forth herein.

24. 3Lions is the rightful owner of all rights related to the Work and, pursuant to 17 U.S.C. § 102(a), owns a copyright in same, for which an application for registration has been made and a certification issued.

25. Upon information and belief, Defendant allowed one or more third parties, such as purchasers of MKRI's Products to unlawfully produce, distribute, display and create a derivative of 3Lions' Work, and therefore directly contributed to the copyright infringement of said third parties.

5

26. 3Lions did not authorize or consent to Defendant's unlawful use of the Work by said third parties.

27. As a result of the foregoing, Defendant contributed to the infringing acts of other third parties that violated 3Lions' exclusive right to: (a) reproduce the Work; (b) to prepare derivative works based upon the Work; (c) redistribute copies of the Work to the public by sale or other transfer of ownership, or by rental, lease or lending; and (d) display the copyrighted Work. *See* 17 U.S.C. §§ 106(1)-(5) and 501;

28. Upon information and belief, Defendant's acts of contributory infringement were committed "willfully" within the meaning of 17 U.S.C. § 504(c)(2).

29. 3Lions suffered actual damages that were proximately caused by Defendant's conduct vis-à-vis third parties, including lost sales and a diminution of the value of its copyright.

### Count III - Unfair Competition
[Florida Common Law]

30. 3Lions incorporates by reference all the allegations set forth in ¶¶ 1-17 as if fully set forth herein.

31. 3Lions created an original Work that has been published and used by thousands on the Internet. Further, the Work has contributed significantly to 3Lions's annual revenue stream since its inception in 2010.

32. In claiming Plaintiff's Work as its own, MKRI's conduct constitutes unlawful, unfair or fraudulent business acts, practices or competition, and is likely to cause confusion among consumers in violation of Florida common law. MKRI engaged in the unlawful conduct by, *inter alia*, using Plaintiff's Work to direct Internet traffic to the MKRI's website and away from 3Lions' Website.

33. Defendant's unauthorized use of 3Lions' Work in commerce has caused

6

irreparable harm to 3Lions, and any continued use or display of said Work on the Internet, and elsewhere, will add to the irreparable harm already caused. 3Lions has suffered actual damages as a result of the irreparable harm caused by Defendant.

## JURY DEMAND

3Lions requests a trial by jury on all issues to which it is entitled to a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, 3Lions respectfully requests that the Court:

### Count I – Copyright Infringement

(A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe 3Lions' copyrighted Work;

(B) Order Defendant to delete and permanently remove copies of 3Lions' Work from each of the computers under Defendant's possession, custody or control;

(C) Award 3Lions statutory damages in the amount of $150,000 pursuant to 17 U.S.C. § 504(c);

(D) Award 3Lions reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505; and

(E) Grant 3Lions any other and further relief this Court deems just and proper.

### Count II – Contributory Copyright Infringement

(A) Permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe 3Lions' Work;

(B) Order that Defendant request the deletion of 3Lions' Work by third parties to whom Defendant wrongfully distributed the Work;

(C) Find that Defendant is liable for its own direct infringement and for the direct infringement it was the proximate cause of with respect to third parties and/or the consuming public;

(D) Award 3Lions statutory damages in the amount of $150,000 for each third party and/or members of the consuming public whose liability was proximately caused by Defendant, pursuant to 17 U.S.C. § 504(c);

(E) Award 3Lions reasonable attorneys' fees and costs pursuant to 17 U.S.C. §505; and

(F) Grant 3Lions any other and further relief this Court deems just and proper.

### Count III - Unfair Competition

(A) Award punitive damages for Defendant's acts of unfair competition;

(B) Award 3Lions reasonable attorneys' fees and costs; and

(C) Grant 3Lions any other and further relief this Court deems just and proper.

### Designation of Place of Trial

3Lions hereby designates Tampa, Florida as the place of trial of the above styled matter.

Respectfully submitted,

*[Signature]*

Digitally signed by Carlos A. Leyva, Managing Shareholder
DN: cn=Carlos A. Leyva, Managing Shareholder, o=Digital Business Law Group, P.A., ou, email=cleyva@digitalbusinesslawgroup.com, c=US
Date: 2015.02.20 10:09:55 -05'00'

By: _____
Carlos A. Leyva
Florida Bar No. 0051017
**DIGITAL BUSINESS LAW GROUP, P.A.**
1001 Starkey Rd. #18
Largo, FL 33771
(800) 516-7903 phone
(800) 257-9128 fax
cleyva@digitalbusinesslawgroup.com

**ATTORNEY FOR PLAINTIFF
3LIONS PUBLISHING INC.**